UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **MICHAEL HALTER** | **CASE NO. 2:22-CV-04574** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **UNITED SERVICES AUTOMOBILE ASSOCIATION** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

Before the Court is "United Services Automobile Association's Rule 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction" (Doc. 17) filed by Defendant, United Services Automobile Association ("USAA"). Plaintiff has not filed an opposition to the Motion and the time for doing so has now lapsed.

## INTRODUCTION

Hurricane Laura made landfall near Lake Charles, Louisiana on August 27, 2020, and Hurricane Delta made landfall near Lake Charles, Louisiana on October 9, 2020. Plaintiff alleges that his property was damaged as a result of the Hurricanes. During the relevant time period, USAA provided a policy of insurance. Plaintiff alleges that USAA failed to properly adjust his claim.

## RULE 12(b)(1) STANDARD

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides:

> Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion: (1) lack of subject-matter jurisdiction. . .

A court may base its disposition of a motion to dismiss under Rule 12(b)(1) on: (1) the complaint alone; (2) the complaint supplemented by undisputed facts; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Robinson v. TCI/US West Communications, Inc.*, 117 F.3d 900 (5th Cir. 1997), citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir.), *cert. denied,* 454 U.S. 897, 102 S.Ct. 396, (1981).

Courts may consider affidavits and exhibits submitted in connection with a Rule 12(b)(1) motion to dismiss. *Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994). Once challenged with competent proof, the plaintiff must prove by a preponderance of the evidence that the court has subject matter jurisdiction. *Middle South Energy, Inc. v. City of New Orleans*, 800 F.2d 488, 490 (5th Cir. 1986). A motion to dismiss under Rule 12(b)(1) should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claims that would entitle plaintiff to relief. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

## **LAW AND ANALYSIS**

United States District Courts have original subject matter jurisdiction over cases "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs" and is between "citizens of different States."[1]

USAA maintains that Plaintiff incorrectly asserts that this Court has subject matter jurisdiction under 28 U.S.C. § 1332 on the purported basis that Plaintiff is a resident of

---

[1] 28 U.S.C. § 1332(a)(1).

Louisiana and USAA is a Texas insurer.[2] However, as noted by USAA, it is a reciprocal interinsurance exchange organized under the laws of Texas.[3] As such, for the purposes of determining diversity jurisdiction, a reciprocal interinsurance exchange is treated as an unincorporated association.[4] To determine the citizenship of an artificial entity, other than a corporation, a court must consider "each of the entity's constituent members."[5] Because USAA is a reciprocal interinsurance exchange with members who reside in all 50 states, including Louisiana,[6] this Court lacks jurisdiction.

## CONCLUSION

For the reasons explained herein, United Services Automobile Association's Rule 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction" (Doc. 17) will be granted dismissing Plaintiff's claim against this Defendant.

**THUS DONE AND SIGNED** in Chambers on this 4th day of October, 2023.

_____
JAMES D. CAIN, JR.
**UNITED STATES DISTRICT JUDGE**

---

[2] Doc. 1, ¶ ¶ 1-3.
[3] *McIntosh v. USAA Gen. Indem. Co.*, No. 20-CV-00816-JPG, 2021 WL 211086, at *2 (S.D. Ill. Jan. 21, 2021); *Ourso v. United Services Auto. Ass'n*, 2007 WL 275902 (E.D. La. 2007) (dismissing an action against USAA based on lack of complete diversity); *Dow v. United Services Automobile Association*, 2008 WL 4082989 (W.D. La. July 1, 2008) (remanding an action against USAA based on lack of diversity).
[4] *Ourso* at *1 (E.D. La. 2007).
[5] *Id.* (quoting *Temple Drilling Co. v. Louisiana Ins. Guar. Ass'n*, 946 F.2d 30, 393 (5th Cir. 1991).
[6] *McIntosh v. USAA Gen. Indem. Co.*, No. 20-CV-00816-JPG, 2021 WL 211086, at *2 (S.D. Ill. Jan. 21, 2021).